UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )  | |
| Plaintiff,        ) | |
| )  | |
| v.        ) | Cause No.  1:00-cr-0043-WTL-DML-1 |
| )  | |
| WADE HAVVARD,        ) | |
| )  | |
| Defendant.        ) | |

## REPORT AND RECOMMENDATION

On May 20, 2016 and June 8, 2016, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on January 27, 2014.  Defendant Havvard appeared in person with his appointed counsel Mario Garcia.  The government appeared by Michelle Brady, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Troy Adamson and Officer Shelly McKee.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.	The Court advised Defendant Havvard of his rights and ensured he had a copy of the petition.  Defendant Havvard waived his right to a preliminary hearing.

2.	After being placed under oath, Defendant Havvard admitted violation 1.  [Docket No. 19.]

3.	The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |

On January 9, 2014, detectives of the Indianapolis Metropolitan Police Department executed a valid and signed search warrant at 4114 Byram Avenue. Firearms and narcotics were located, and Mr. Havvard was arrested at this address. On January 15, 2014, an Information was filed charging the offender with Conspiracy to Commit Dealing in Cocaine; Conspiracy to Commit Dealing in Marijuana; Dealing in Cocaine; Possession of Cocaine; and Possession of Cocaine and a Firearm, all felonies. The case is pending in Marion County Superior Court under cause number 49G201401FA001131. Mr. Havvard remains incarcerated, and a jury trial is set for July 9, 2014.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade A violation.

    (b) Defendant's criminal history category is VI.

    (c) The guideline range of imprisonment applicable upon revocation of supervised release is 33 to 41 months' imprisonment; however, the statutory maximum term of imprisonment is 24 months.

5. The parties agreed to the revocation of Mr. Havvard's supervised release and to a sentence of a term of imprisonment of 24 months, to be served concurrently with the sentence Mr. Havvard received in Case No. 1:14-cr-0067-SEB-DKL-5, with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be **REVOKED**, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 24 months with no supervised release to follow. This sentence is to be served concurrently with the sentenced imposed against Mr.

Havvard in Case No. 1:14-cr-0067-SEB-DKL-5.  The Defendant was taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  13 JUN 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal